Chancellor Desaussure

delivered the opinion of the court.

On considering this case, we are of opinion that the decree is correct. It is in conformity with the decision in Barton & Rushton, 4 Eq. Rep. and indeed with other decisions in this *196 state and. New-York; which establish that an equitable interest-is not subject to sale under a judgment and execution at law. It was. supposed that this case resembled the case of Moore, vs. Millet, decided in Sumterville, and afterwards by the court of appeals. There is a general resemblance between. But there are essential differences. Those differences were correctly stated by the counsel for the respondent to be, that Vaughan, the holder of the equitable title, never consented to the sale of the land; as Rees didin the case of Moore, vs. Millet; and though M‘Kie, the contractor to sell, at- first consented verbally to the sale of the land under the judgment and execution, as the property of Vaughan, provided the balance due to him were paid, he recalled that consent before the sale, and forbade the sale whilst Richards, the purchaser was present; the whole of the purchase money was paid in Moore and Millet; not so in. M'KieV case: nor would the possession of Vaughan, from the date of the bond to make him titles on payment of the money, till the sale in 1822, give him a legal title. This possession was consistent with his equitable title, and not adverse to it, nor could it.be^ till he paid the purchase money. In Higgins and Coates, from Newberry, this court decided the same point, and all these decisions are supported by other cases. See 3 Atk. 342; 1 Johns. C. C. 52 and 16 Johns. Law Reps. 351. It. is therefore ordered and agreed, that the decree of the circuit court be affirmed.
Davis and W. Thompson, for appellants.
Earle for respondents.
Chancellors Gaillard, Waties, Thompson and James, coik eurred.